**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

**Bonita Berg,**

       **Plaintiff,**

    v.                                                    **MEMORANDUM & ORDER**
                                                              **Civil No. 03-4642 (MJD/JSM)**

**United States of America et al.,**

       **Defendants.**
_____

Albert T. Goins and Joanna L. Woolman, Goins & Wood; David Y. Trevor, Gillian A. Brennan, and Timothy E. Branson, Dorsey & Whitney, LLP; and Gary K. Wood, for Plaintiff.

R. Joseph Sher, United States Department of Justice, and Patricia Cangemi, Assistant United States Attorney, for Defendants.

_____

This matter is before the Court on Defendants' Objections to Magistrate Judge Janie S. Mayeron's November 16, 2005 Discovery Rulings ("the Order"). [Doc. No. 57]. The Order addressed Plaintiff's Motion to Compel Production of Documents and Defendants' Motion for a Protective Order.

A district court must set aside any portion of a magistrate judge's order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636; D. Minn. LR 72.2(a). The Court has conducted a <u>de novo</u> review of the record and the Order and concludes that the Order is not clearly erroneous or contrary to law, and is therefore affirmed.

Notwithstanding the above, the Court will address Defendants' objection based on Fed. R. Civ. P. 37(a)(2)(B) because this issue was not addressed in the Order. Fed. R. Civ. P. 37(a)(2)(B) provides that a motion to compel discovery must include a certification that the parties conferred in good faith to resolve the dispute prior to bringing the motion. Defendants argue that Plaintiff did not meet and confer prior to filing her motion to compel. The Court does not agree.

In the Affidavit of Timothy E. Branson With Respect to Discovery Dispute [Doc. No. 53], one of Plaintiff's attorneys documents his attempts to resolve the discovery disputes that formed the basis of the motion to compel. This affidavit chronicles a break-down in communication between the Parties and supports the conclusion that any further attempts to meet and confer would have been futile. While it is true that this affidavit was filed ten days after Plaintiff's motion to compel and supporting memorandum of law, and mostly addressed actions taken after filing the motion to compel, the affidavit states that Defendants were on notice regarding the desired discovery long before the motion was filed, and that Defendants have been dilatory in their discovery obligations throughout this case. In addition, the affidavit explains that in the interest of judicial economy, Plaintiff scheduled the hearing on the motion to compel on the same day as Judge Mayeron was hearing another motion in this case. Thus, any alleged "rush to the

courthouse" was properly explained. The affidavit was part of the record before Judge Mayeron at the time she heard and decided the motion.

Because further negotiations would have been futile, Plaintiff was justified in filing her motion to compel when she did.[1] See Yoon v. Celebrity Cruises, Inc., No. 97 CIV. 3808(DC), 1999 WL 135222, at *6 (S.D.N.Y. March 12, 1999) (unpublished opinion) (noting that courts have excused failures to meet and confer when attempts to compromise would be futile). More importantly, justice requires that the Order be affirmed. See VNA Plus, Inc. v. Apria Healthcare Group, Inc., No. Civ.A. 98-2138-KHV, 1999 WL 386949, at *3 (D. Kan. June 8, 1999) (unpublished opinion) (holding that when prejudice would result from requiring strict compliance with Rule 37's conference requirement, it is proper for the court to waive the requirement) (citation omitted). This litigation is over two years old and Plaintiff has neither deposed the people Judge Mayeron properly identified as "the two key witnesses to [Plaintiff's] claim"(Doc. No. 56 at 13), nor reviewed the policies that arguably authorized the conduct that forms the basis of this lawsuit. The time has come for these inquiries to occur.

---

[1] Plaintiff is cautioned, however, that future discovery disputes must be the subject of more intensive "meet and confers" prior to the filing of any motions to compel.

**IT IS HEREBY ORDERED**:

1. Magistrate Judge Janie S. Mayeron's November 16, 2005 Order is **AFFIRMED**; and

2. The determination of new dates for compliance with Judge Mayeron's Order is referred to Judge Mayeron.

DATED: December 23, 2005

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              UNITED STATES DISTRICT COURT